930 F.2d 37
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank THOMAS, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 90-3484.
 United States Court of Appeals, Federal Circuit.
 March 8, 1991.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board, Docket No. DA07528910355 (July 25, 1990), sustaining the removal of Frank Thomas from federal employment with the Department of Veterans Affairs is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the administrative judge's finding that Thomas was absent without leave from his assignment on January 24, 1989. Despite Thomas's argument to the contrary, he did have an assigned work location during the period in question because both the daily team assignment sheet and express instructions from his supervisor required his presence at the trash compactor from 3:00 to 3:30 p.m.
 
 
 3
 Substantial evidence also supports the finding that Thomas threatened his supervisor. The administrative judge determined that Fort's testimony was more credible than Thomas's, and we will not substitute our judgment for his. See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The administrative judge also properly considered the factors set out in Metz v. Department of Treasury, 780 F.2d 1001, 1002 (Fed.Cir.1986), in making his finding that Thomas had threatened Fort.
 
 
 4
 The agency did not abuse its discretion in discharging Thomas because his misconduct reduces the efficiency of the service. His failure to perform his assigned duties impedes the hospital's operation, and his threat against Fort and unauthorized absences certainly interfere with effective management.
 
 
 5
 The board was not required to separately articulate its rationale for affirming the initial decision. It is sufficient that the initial decision contained a discussion of the facts and the reasoning for the result.